UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND LEE GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00001-TWP-KMB |
| | ) |
| TRISHIA PRETORIUS, Warden, aka TRISHIA PRETORIUS, | ) |
| KAYLA HALL, PREA Coordinator, | ) |
| CARRIE SIPLCH, IHO Dorm Counselor, | ) |
| KATIE MCMECHAN, UTM | ) |
| SGT, | ) |
| CAPTON, | ) |
| LT, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on Plaintiff Raymond Lee Gibbs' ("Gibbs") Motion to Correct Names of Defendants (Dkt. 12) and for screening of his *pro se* Complaint (Dkt. 1). Gibbs brought this action while incarcerated in the Indiana Department of Correction. The Complaint alleges that the Defendants failed to protect him following threats from another incarcerated individual, which resulted in Gibbs being stabbed. Gibbs has since been released from prison, but because he was incarcerated when he filed the Complaint, the Court must screen it in accordance with 28 U.S.C. § 1915A.

### I.  MOTION TO CORRECT NAMES

Gibbs' Motion to Correct Names, Dkt. [12], is **granted**. The **Clerk is directed** to update the Defendants' names on the docket as follows: "Tricia Pretorius," "Carrie Sipich," "Katie McMahon," and "Captain." *See* Dkt. 22 (providing correct spellings for named defendants).

## II. SCREENING STANDARD

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. THE COMPLAINT

Gibbs sues seven defendants: (1) Tricia Pretorius; (2) Kayla Hall; (3) Carrie Sipich; (4) Katie McMahon; (5) unidentified Sergeant; (6) unidentified Captain; and (7) unidentified Lieutenant.

Gibbs alleges that he was sexually assaulted by another incarcerated individual at Plainfield Correctional Facility in November 2021. He reported the assault and notified prison staff, who in turn notified Hall, the facility's Prison Rape Elimination Act ("PREA") Coordinator. Hall recommended to Warden Pretorius that either Gibbs or the individual who assaulted him should receive an emergency transfer to another facility. Instead of any facility transfer, Gibbs was transferred to a different dormitory.

Between November 2021 and April 2022, Gibbs received several threats on his life. He notified Warden Pretorius, Hall, Sipich, and McMahon of the threats in an April 2022 request for protective custody. Gibbs was granted protective custody, but before he was moved, another incarcerated individual stabbed him in the neck on May 1, 2022. Gibbs received treatment at an outside hospital. Gibbs suffered partial paralysis, nerve damage, and ongoing pain, among other injuries. (Dkt. 1 at 3.)

Gibbs seeks compensatory damages.

## IV.   DISCUSSION OF CLAIMS

Gibbs' claims against the unidentified Sergeant, Captain, and Lieutenant are **dismissed without prejudice**. "[I]t is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up); *see also Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (amendments to replace John Doe placeholder defendants did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error"). The **Clerk is directed** to terminate "Sergeant," "Captain," and "Lieutenant" as defendants on the docket.

Gibbs' claims against Warden Pretorius, Hall, Sipich, and. McMahon **shall proceed** as claims of failure to protect in violation of the Eighth Amendment. These Defendants have already appeared in this action. (Dkt. 21; Dkt. 22; Dkt. 23; Dkt. 24.)

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Gibbs believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through Monday, May 20, 2024**, to identify those claims.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Clinton E. Blanck
BLANCK LEGAL, P.C.
cblanck@blancklegal.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL'S OFFICE
gustavo.jimenez@atg.in.gov

Thomas Pratt
INDIANA ATTORNEY GENERAL'S OFFICE
Thomas.Pratt@atg.in.gov