UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND LEE GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00001-TWP-KMB |
| | ) |
| TRISHIA PRETORIUS, | ) |
| KAYLA HALL, | ) |
| CARRIE SIPICH, | ) |
| KATIE MCMAHAN, | ) |
| | ) |
| Defendants. | ) |

**<u>Order Denying Motion for Clerk's Entry of Default</u>**

Plaintiff Raymond Lee Gibbs has filed a motion for clerk's entry of default, dkt. 19, and the defendants have responded, dkt. 25. The time for Mr. Gibbs to file a reply has passed. For the reasons below, the motion for clerk's entry of default, dkt. [19], is **DENIED**.

The defendants argue that they had no obligation to file an answer to the complaint until directed to do so by the Court. Dkt. 25 at 2−3. The defendants' argument is correct.

The Prison Litigation Reform Act provides, in relevant part:

(1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

(2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g).

Courts have read these two provisions to provide that "unless the court requires an answer, the defendant, in order to prevail, need not file an answer at all." *Walker v. Schult*,

45 F.4th 598, 616 (2d Cir. 2022) (internal citation omitted); *see Tapp v. Jeffreys*, No. 21-cv-0396-SPM, 2022 WL 13694699, at *1 (S.D. Ill. Oct. 21, 2022) (holding that court may enter default against defendant who fails to comply with court order to answer complaint).

Parties in this Court have, as a matter of practice, treated the screening order, as an order directing the defendants to file an answer. *See* 28 U.S.C. § 1915A (requiring screening of complaints brought by incarcerated individuals). And the defendants here have indicated their intent to follow that practice. *See* dkt. 25 at 3. But for the sake of clarity, the Court now **ORDERS** defendants Pretorius, Hall, Sipich, and McMahan to answer or otherwise respond to the complaint **within 30 days following the issuance of this Order.** *See* 42 U.S.C. § 1997e(g)(2). Failure to comply with this Order may result in sanctions, up to and including default judgment. *See Ramirez v. T&H Lemon, Inc.*, 845 F.3d 772, 779 (7th Cir. 2016) (district court's inherent authority to sanction misconduct includes authority to enter default judgment).

**IT IS SO ORDERED.**

Date: 4/22/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email